1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| KIM BAO NGUYEN, | |
| Plaintiff | Case No. 2:16-cv-02467-GJS |
| v. | **MEMORANDUM OPINION AND ORDER** |
| NANCY A. BERRYHILL[1], Acting Commissioner of Social Security, | |
| Defendant. | |

### I.   PROCEDURAL HISTORY

Plaintiff Kim Bao Nguyen ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB").  The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 10, 11] and briefs addressing disputed issues in the case [Dkt. 16 ("Pltf.'s Br."), Dkt. 17 ("Def.'s Br."), Dkt. 18 ("Pltf.'s Reply")].  The Court has taken the parties' briefing under submission without oral argument.  For the reasons set forth below, the Court remands the decision of the ALJ and orders judgment entered accordingly.

---

[1] The Court notes that Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017.  Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn W. Colvin as the defendant in this action.

## II.   ADMINISTRATIVE DECISION UNDER REVIEW

On October 27, 2010, Plaintiff filed an application for DIB, alleging that she became disabled as of July 10, 2007.  [Dkt. 14, Administrative Record ("AR") 25, 365-368.]  The Commissioner denied her initial claim for benefits and then denied her claim upon reconsideration.  [AR 111-118.]  On October 3, 2011, a hearing was held before Administrative Law Judge ("ALJ") Sally C. Reason.  [AR 45-59.]  On October 12, 2011, the ALJ issued a decision denying Plaintiff's request for benefits.  [AR 84-101.]  Plaintiff requested review from the Appeals Council and on January 24, 2013, the Appeals Council vacated the ALJ's decision and remanded for further proceedings.  [AR 103-105.]

On May 30, 2014, pursuant to the order of remand, a second hearing was held before the ALJ.  [AR 60-81.]  On June 11, 2014, the ALJ issued a decision again denying Plaintiff's request for benefits.  [AR 22-44.]  The Appeals Council denied Plaintiff's request for review on February 11, 2016.

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled.  *See* 20 C.F.R. §§ 404.1520(b)-(g)(1).  At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since July 10, 2007, the alleged onset date through December 31, 2010, her date last insured.  [AR 28.]  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: cervical and lumbar spine degenerative disc disease.  [AR 28 (citing 20 C.F.R. §§ 404.1520(c).]  Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  [AR 33 (citing 20 CFR Part 404, Subpart P, Appendix 1, 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1525, 404.1526).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [L]ight work as defined in 20 CFR 404.1567(b) not

2

1
2
3
4
5

involving sitting, standing and/or walking in excess of 6 hours per 8-hour workday, more than occasional use of her bilateral upper extremities for reaching and/or lifting, performing more than occasional postural movements, climbing ladders or working around hazardous conditions (e.g. unprotected heights). However, the claimant is found to have no limitation in her ability to move her head or neck or perform fine manipulative tasks.

6   [AR 33.]  Applying this RFC, the ALJ found at step four that Plaintiff was able to

7   perform her past relevant work as an accounting clerk and stock control clerk.  [AR

8   37.]  Accordingly, the ALJ did not proceed to step five, and instead, found that

9   Plaintiff was not disabled.  [*Id.*]

10   ## III.   GOVERNING STANDARD

11        Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to

12   determine if: (1) the Commissioner's findings are supported by substantial evidence;

13   and (2) the Commissioner used correct legal standards.  *See Carmickle v.*

14   *Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d

15   1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a

16   reasonable mind might accept as adequate to support a conclusion."  *Richardson v.*

17   *Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see*

18   *also Hoopai*, 499 F.3d at 1074.

19   ## IV.   DISCUSSION

20   ### A.   The ALJ Erred By Failing To Resolve The Conflict Between The

21        Vocational Expert's Testimony That Plaintiff Could Perform Her

22        Past Relevant Work And The DOT's[2] Reaching Requirement For

23        Those Jobs.

24        The ALJ found that Plaintiff had the RFC to perform a range of light work,

25   not involving more than occasional use of her bilateral upper extremities for

26

27   _____

28   [2] "DOT" refers to *Dictionary of Occupational Titles*, Sixth Edition Revised (U.S. Department of Labor, 1991).

1  reaching and/or lifting.  [AR 33.]

2      Plaintiff asserts the VE's testimony that Plaintiff could perform past relevant

3  work that would accommodate the occasional reaching restriction conflicted with

4  the DOT, and the VE failed to provide sufficient support to justify his conclusions.

5  [Pltf.'s Br. at 8-9.]  The Court agrees.

6      The Commissioner does not oppose Plaintiff's argument, but instead posits

7  that because Plaintiff did not list her legal issues in a separate "Legal Issues

8  Presented" section of the brief, she has waived all issues on appeal.  [Def.'s Br. at

9  2.]  The Court does not find this argument compelling.  While Plaintiff did not

10 follow the Court's April 13, 2016 Order detailing the Court's specific briefing

11 guidelines, her issue on appeal is clearly identifiable in the argument section of

12 Plaintiff's brief.  Therefore, Plaintiff did not waive the Court's review of this issue.

13     In general, an ALJ may not rely on a VE's testimony regarding the

14 requirements of a particular job without first inquiring whether the testimony

15 conflicts with the DOT.  *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir.

16 2007) (citing Social Security Ruling ("SSR") 00-4p ).  If a deviation from the DOT

17 exists, the ALJ should obtain a reasonable explanation for the deviation.  *Massachi*,

18 486 F.3d at 1153; SSR 00-4p; *Light v. Social Sec. Admin.*, 119 F.3d 789, 793 (9th

19 Cir. 1997) (ALJ may rely on VE testimony that contradicts the DOT, but only

20 insofar as the record contains persuasive evidence to support the deviation); *Johnson*

21 *v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).  Evidence sufficient to support a

22 deviation from the DOT may be either specific findings of fact regarding Plaintiff's

23 ability to perform particular jobs, or inferences drawn from the context of the VE's

24 testimony.  *See Johnson*, 60 F.3d at 1435, n. 7 (ALJ provided sufficient support for

25 deviation by noting that the VE described characteristics and requirements of jobs in

26 the local area consistent with claimant's RFC); *Terry v. Sullivan*, 903 F.2d 1273,

27 1279 (9th Cir. 1990) (ALJ may infer support for deviation where VE's

28 understanding of applicable legal standards is clear from context).

1    At the hearing in this case, the ALJ presented the VE with a hypothetical

2    person who was the same age as Plaintiff, same education and past work history, is

3    literate but not fluent in English, and has a RFC for light work similar to Plaintiff's,

4    including occasional use of her bilateral upper extremities for reaching and handling

5    due to orthopedic issues involved in her neck and thoracic spine.  [AR 75.]  The VE

6    testified that such a person would be able to perform Plaintiff's past jobs of

7    accounting clerk and stocking clerk (DOT No. 216.482-010 and DOT No. 219.387-

8    030).  [AR 76.]

9    Plaintiff's counsel then posed an additional hypothetical to the VE.  [AR 78-

10   79.]  It further limited the RFC to the ability to look down for no more than one-

11   third of the day.  [*Id.*]  Considering the additional limitation (which the ALJ

12   ultimately did not adopt), the VE testified that a person with the proposed RFC

13   could not perform the positions of sales attendant (DOT 299.677-010) with 14,000

14   positions available regionally and 419,000 positions available nationally and counter

15   clerk (DOT 249.366-010) with 13,500 positions available regionally and 340,000

16   positions available nationally.  [*Id.*]

17   The ALJ did not ask the VE if his testimony conflicted with the DOT.  *See*

18   *Massachi v. Astrue,* 486 F.3d 1149, 1152–53 (9th Cir. 2007).  The VE's testimony

19   that Plaintiff could perform her past relevant work suggested potential

20   inconsistencies with the DOT that warranted further inquiry.  *See Coleman v.*

21   *Astrue*, 423 Fed. Appx. 754, 756 (9th Cir. 2011) (unpublished decision).  Namely,

22   the VE did not offer any explanation as to why he thought the jobs of accounting

23   clerk and stocking clerk could be performed with occasional reaching even though

24   the DOT listed "frequent reaching" for both positions.[3]  Thus, the VE's testimony

25

26   ────────────

27   [3] Frequent "means occurring from one-third to two-thirds of the time."  SSR
     83-10.  Occasionally, on the other hand, "means occurring from very little up to
28   one-third of the time."  *Id.*

5

1  indicated a departure from the DOT, which was not adequately explained either by

2  the VE or by Plaintiff's testimony or other evidence in the record regarding how the

3  jobs were actually performed.  *See* SSR 00-4p; *Coleman*, 423 Fed. Appx. at 756.

4  Accordingly, the ALJ's step four finding was erroneous.

5     **B.   The Court cannot say that the ALJ's error is harmless.**

6     "Reversal on account of error is not automatic, but requires a determination

7  of prejudice." *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012).  "[T]he

8  burden of showing that an error is harmful normally falls upon the party attacking

9  the agency's determination." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012)

10  (citing *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009)).  And "[w]here harmfulness

11  of the error is not apparent from the circumstances, the party seeking reversal must

12  explain how the error caused harm." *McLeod v. Astrue,* 640 F.3d 881, 887 (9th Cir.

13  2011).

14     That said, the burden of showing harm is still low.  "Where the circumstances

15  of the case show a substantial likelihood of prejudice, remand is appropriate so that

16  the agency can decide whether re-consideration is necessary.  By contrast, where

17  harmlessness is clear and not a borderline question, remand for reconsideration is

18  not appropriate." *Id.* at 888.  Courts have "affirmed under the rubric of harmless

19  error where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's

20  ultimate disability conclusion." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050,

21  1055 (9th Cir. 2006).  In sum, "ALJ errors in social security cases are harmless if

22  they are 'inconsequential to the ultimate nondisability determination' and … 'a

23  reviewing court cannot consider [an] error harmless unless it can confidently

24  conclude that no reasonable ALJ, when fully crediting the testimony, could have

25  reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170,

26  1173 (9th Cir. July 10, 2015).

27     To determine whether an error was harmless, this Court may consider "the

28  likelihood that the result would have been different" and "the impact of the error on

6

the public perception of such proceedings." *Ludwig*, 681 F .3d at 1054. It may not, however, "appl[y] harmless error in a way that affirm[s] the agency on a ground not invoked by the ALJ." *Marsh*, 792 F.3d at 1172. Ultimately, "[t]he nature of [the] application [of the harmless error doctrine] is fact-intensive—'no presumptions operate' and '[the Court] must analyze harmlessness in light of the circumstances of the case.'" *Id.* (quoting *Molina,* 674 F.3d at 1121).

Here, the VE testified that in addition to Plaintiff's past relevant work, she could perform other work as *inter alia* a **counter clerk**, a position requiring "occasional reaching." However, the Court may not "affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally." *Stout*, 454 F.3d at 1054. It is clear from the ALJ's opinion that she never made a Step 5 determination regarding whether there were other jobs in the economy that Plaintiff could perform. Because the ALJ did not make a Step 5 determination, the Court may not affirm on this basis. Remand is required.

## V.    CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: February 21, 2017                                _____

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

7